01129-94330 (JDB)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **PHILLIP KEMPER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:22-CV-02689-STA-jay |
| **CITY OF JACKSON, TENNESSEE,** ) | |
| **JULIAN WISER, INDIVIDUALLY and IN** ) | |
| **HIS OFFICIAL CAPACITY AS CHIEF OF** ) | |
| **POLICE OF JACKSON, TENNESSEE and** ) | |
| **SCOTT CONGER, INDIVIDUALLY and IN** ) | |
| **HIS OFFICIAL CAPACITY AS MAYOR** ) | |
| **OF JACKSON, TENNESSEE** ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS CITY OF JACKSON, TENNESSEE, JULIAN WISER IN HIS OFFICIAL CAPACITY ONLY, AND SCOTT CONGER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

Defendants City of Jackson, Tennessee ("the City"), Julian Wiser in his official capacity as Chief of Police of Jackson, Tennessee only,[1] and Scott Conger, individually and in his official capacity as Mayor of Jackson, Tennessee ("Conger") (collectively "Defendants"), respond to Plaintiff's Complaint as follows:

---

[1] Undersigned counsel only represent Defendant Julian Wiser in his official-capacity only. (Notices of Appearance, ECF Nos. 10-11.) "'In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent.' 'An official capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). Thus, in this answer, when referring to the City, such reference implicitly includes Plaintiff's official-capacity claim against Defendant Julian Wiser.

01129-94330 (JDB)

## FIRST DEFENSE

Plaintiff Phillip Kemper ("Kemper") fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants respond to the specific averments of Kemper's Complaint, paragraph by paragraph, as follows:

1. In response to the averments of the first, second, and fourth grammatical sentences of ¶ 1 of the Complaint, Defendants admits that Kemper has alleged claims pursuant to §§ 1983, 1988, and 2000e to 2000e-16; however, Defendants deny that they violated any of these provisions or that they are liable to Kemper under these statutes or any other cause of action. Defendants deny the third grammatical sentence of ¶ 1 of the Complaint because Kemper did not exhaust his administrative remedies before the E.E.O.C. before filing a claim pursuant to Title VII.

2. Defendants admit the averments of ¶¶ 2-5 of the Complaint.

3. In response to the averments of ¶ 6 of the Complaint, Defendants admit that the City hired Kemper as an employee of the Jackson Police Department ("JPD") on or about March 22, 2004; that Kemper is currently employed by the JPD; and that Kemper is currently on paid administrative leave, which began on December 21, 2021. Defendants deny any remaining averments of ¶ 6 of the Complaint.

4. Defendants admit the averments of ¶¶ 7-8 of the Complaint.

5. In response to the averments of ¶ 9 of the Complaint, Defendants admit that Kemper contacted then Assistant Chief Thom Corley and Lieutenant Gary Benton about JPD's policies for civil and criminal asset seizures. Defendants are without sufficient information to either admit or deny the averments about the date and method

01129-94330 (JDB)

that Kemper used to contact Corley and Benton. Defendants deny any remaining averments of ¶ 9 of the Complaint.

6. Defendants are without sufficient information to either admit or deny the averments of ¶¶ 10-14 of the Complaint.

7. In response to the averments of ¶ 15 of the Complaint, Defendants admit that Kemper was ultimately responsible for the Jackson Madison County Metro Narcotics Unit; however, Defendants are without sufficient information to either admit or deny the remaining averments of ¶ 15 of the Complaint.

8. In response to the averments of ¶ 16 of the Complaint, Defendants admit that Kemper was ultimately responsible for the Jackson Madison County Metro Narcotics Unit, including the money and other items seized and that, because Kemper and Ms. Benton did not get along, Chief Wiser removed Benton from Kemper's supervision. Defendants deny the remaining averments of ¶ 16 of the Complaint.

9. In response to the averments of ¶ 17 of the Complaint, Defendants admit that, after Kemper reported his belief that seized money had not been deposited, Thom Corley told Kemper to count the money in the presence of Captain Gamble and a representative from the Department's PSIU division; Kemper verified a large sum of undeposited funds in the Metro safe in the presence of Captain Gamble and a PSIU representative; and Kemper did not count the undeposited funds in the presence of Captain Gamble or the PSIU representative. Defendants deny any remaining averments of ¶ 17 of the Complaint.

10. In response to the averments of ¶ 18 of the Complaint, Defendants admit that Captain Jackie Benton advised in the presence of Thom Corley that she did not

01129-94330 (JDB)

know how much money she had in the Metro safe and that she had not made a deposit in over a year. Defendants deny the remaining averments of ¶ 18 of the Complaint.

11. In response to the averments of ¶ 19 of the Complaint, Defendants admit that the Department has not made any changes to its seizure policies, but deny that any inference that the Department needed to change this policy. Defendants deny any remaining averments of ¶ 19 of the Complaint.

12. Defendants deny the averments of ¶ 20 of the Complaint.

13. In response to the averments of ¶ 21 of the Complaint, Defendants admit that Kemper reported alleged violations to the District Attorney for the Twenty-Sixth Judicial District and that the Tennessee Comptroller of the Treasury investigated the records of the Jackson-Madison County Metro Narcotics Unit. Defendants deny the remaining averments of ¶ 21 of the Complaint.

14. In response to the averments of ¶ 22 of the Complaint, Defendants admit that the Tennessee Comptroller of the Treasury investigated the records of the Jackson-Madison County Metro Narcotics Unit and produced a report ("the Report"), which Kemper attached as Exhibit 1 to his Complaint. Defendants state that the Report speaks for itself. Defendants deny the remaining averments of ¶ 22 of the Complaint.

15. In response to the averments of ¶ 23 of the Complaint, Defendants state that the Report speaks for itself. Defendants deny the remaining averments of ¶ 23 of the Complaint.

16. Defendants deny the averments of ¶¶ 24-25 of the Complaint.

17. Defendants are without sufficient information to either admit or deny the averments of ¶ 26 of the Complaint.

01129-94330 (JDB)

18. In response to the averments of ¶ 27 of the Complaint, Defendants admit that Kemper stated that he would not be intimidated by what he perceived as threats of Internal Affairs; however, Defendants deny any inference that the Department was threatening Kemper with Internal Affairs. Defendants deny the remaining averments of ¶ 27 of the Complaint.

19. In response to the averments of ¶ 28 of the Complaint, Defendants admit that Kemper filed a grievance. Defendants deny the remaining averments of ¶ 28 of the Complaint.

20. Defendants deny the averments of ¶¶ 29-30 of the Complaint.

21. Defendants admit the averments of ¶ 31 of the Complaint.

22. In response to the averments of ¶ 32 of the Complaint, Defendants admit that Mayor Conger provided a written response on May 7, 2021. Defendants deny the remaining averments of ¶ 32 of the Complaint.

23. Defendants admit the averments of ¶¶ 33-35 of the Complaint.

24. Defendants admit the averments of ¶ 36 of the Complaint with the exception that Thom Corley was the Assistant Chief of Police on December 21, 2021.

25. Defendants admit the averments of ¶¶ 37-39.

26. In response to the averments of ¶ 40 of the Complaint, Defendants admit that Kemper completed interviews and examinations with the City's appointed psychologist and that the City did not provide the results to Kemper pursuant to the City's policy; however, Defendants are without sufficient information to either admit or deny the length of Kemper's interviews and examinations.

01129-94330 (JDB)

27. Defendants admit the averments of the first grammatical sentence of ¶ 41 of the Complaint. Defendants are without sufficient information to either admit or deny the averments of the second grammatical sentence of ¶ 41 of the Complaint.

28. Defendants admit the averments of ¶¶ 42-45 of the Complaint.

29. Defendants deny the averments of ¶ 46 of the Complaint as written. Defendants admit that Section 84 of the City's Charter states, "No person holding any classified position of employment shall be discharge[d] from the service of the city or demoted except for just cause."

30. Defendants deny the averments of ¶¶ 47-57.

31. Defendants deny that Kemper is entitled to any of the relief sought in his prayer for relief.

32. Any specific averment of the Complaint not previously admitted or denied is hereby generally denied, the same as if specifically denied.

### THIRD DEFENSE

Kemper's official-capacity claims are redundant since the City is a named Defendant and, thus, should be dismissed.

### FOURTH DEFENSE

Defendants did not deprive Kemper of a protected interest or fail to provide him adequate due process.

### FIFTH DEFENSE

Kemper was not entitled to due process since he was placed on paid administrative leave.

### SIXTH DEFENSE

01129-94330 (JDB)

Kemper cannot establish a prima facie case of discrimination because he has not suffered an adverse employment action.

### SEVENTH DEFENSE

Kemper does not have a claim under the Tennessee Public Protection Act ("TPPA") because the City has not discharged or terminated Kemper solely for refusing to participate in, or for refusing to remain silent about, illegal activities.

### EIGHTH DEFENSE

Kemper was not maliciously harassed because he was not targeted on the basis of a protected class or intimidated from the free exercise of a constitutional right.

### NINTH DEFENSE

Kemper failed to exhaust his administrative remedies under Title VII.

### TENTH DEFENSE

Defendants deny that they engaged in any discrimination, harassment, or retaliation or that they violated the Due Process Clause and Equal Protection Clause of the U.S. Constitution, Title VII, the TPPA, or the Tennessee common law malicious harassment cause of action.

### ELEVENTH DEFENSE

As a governmental entity, Kemper's claim for punitive damages against the City is barred.

### TWELFTH DEFENSE

Defendants rely on all defenses available to them under the statutes cited by Kemper in his complaint.

01129-94330 (JDB)

    Wherefore, having fully answered, Defendants request that this cause be dismissed with its costs.

                              Respectfully submitted,

                              RAINEY, KIZER, REVIERE & BELL, P.L.C.

                By:   s/ John D. Burleson
                       JOHN D. BURLESON, BPR NO. 010400
                       MATTHEW R. COURTNER, BPR NO. 029113
                       *Attorney for Defendants City of Jackson, Julian Wiser, in his official capacity only, and Mayor Conger in his official and individual capacity*
                       209 East Main Street
                       P. O. Box 1147
                       Jackson, TN  38302-1147
                       (731) 423-2414
                       jburleson@raineykizer.com
                       mcourtner@raineykizer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of November, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report, including the party below. All other parties will be served by facsimile, e-mail, or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Clyde W. Keenan | Michael Hill |
| Keenan Law & Consulting | Flippin Collins & Hill, PLLC |
| 6465 N. Quail Hollow, #200 | P.O. Box 679 |
| Memphis, Tennessee 38120 | 1066 S. Main Street |
| *Attorney for Plaintiff* | Milan, Tennessee 38358 |
| | *Attorney for Defendant Julian Wiser in his individual* |

                                              s/ John D. Burleson