# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| PHILLIP KEMPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 1:22-CV-02689-MSN-jay |
| CITY OF JACKSON, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO CONTINUE TRIAL

In support of its motion to continue the trial, Defendant City of Jackson, Tennessee would show unto the Court as follows:

This Court has "broad discretion" on whether to grant a continuance. Brown v. Bd. of Educ. Schs, 2014 U.S. Dist. LEXIS 204825, at *3 (W.D. Tenn. Dec. 4, 2014) ("Trial judges necessarily require a great deal of latitude in scheduling trials[,] . . . [and] broad discretion must be granted [to] trial courts on matters of continuance.").

This case is currently set for trial beginning on February 24, 2025. (ECF 72.) While the City can try this case on February 24, 2025, in light of currently developing new facts in this matter, the City moves the Court to continue the trial in the interest of judicial economy.

In the last few weeks, new facts have developed in this case. Plaintiff has recently taken a job as the interim police chief at the Medina Police Department. In light of Plaintiff's new employment and alleged violations of both City and Jackson Police Department (JPD) policy arising from facts that are also relevant to this current lawsuit, the City and the JPD have advised that they will be filing charges against Plaintiff as soon as this week alleging violations of both City and JPD policies, including DR 104 – Personal Conduct, DR 106 –

01129-222337 (JDB)

Moral Conduct, DR 107 – Courtesy, DR 124 – Off-Duty Employment, DR 202 – Giving Testimonial/Seeking Publicity/News/Media, DR 302 – Intimidation, DR 303 – Harassment, DR 606 - Reporting Changes in Personal Status, General Order No. A-245 – Off-Duty Employment Procedures, Anti-Bullying in the Workplace, Secondary Employment, Employee Conduct Policy, harassment, and Violence in the Workplace. If Plaintiff is found to have violated these policies, then the discipline could be Plaintiff's termination from the JPD. In fact, if the trial of this current case goes forward on February 24, 2025, then the administrative process concerning these charges will be playing out before, during, and after this current case is tried. And Plaintiff's counsel has stated that Plaintiff will be filing a new lawsuit concerning these charges and their disposition.

Moreover, any claims that Plaintiff brings in a new lawsuit concerning the charges above will be highly duplicative of the underlying facts of this case. Specifically, any claims that Plaintiff brings in a new such lawsuit will be an extension of and grow out of the underlying facts of Plaintiff's present claims; therefore, a second trial over Plaintiff's forthcoming additional claims will require presentation of many of the same facts that the parties will present in the current case. In other words, most, if not all, of the facts in the present action will likely be relevant in Plaintiff's second trial. Having to bring the same witnesses to testify to the underlying facts in this trial and a future trial will be unduly duplicative, disruptive to the witnesses, and highly inefficient. Promoting judicial economy supports trying Plaintiff's claims together in one trial. United States v. Dipietro, 2024 U.S. Dist. LEXIS 2322, at *2 (N.D. Ohio Jan. 5, 2024) ("Joint trials promote judicial economy . . . ."). Therefore, the City respectfully requests that the Court continue the present trial until a

2

01129-222337 (JDB)

date in the future when this current lawsuit can be tried with any additional lawsuit that Plaintiff files.

                              Respectfully submitted,

                              RAINEY, KIZER, REVIERE & BELL, P.L.C.

                              By:   s/ Geoffrey A. Lindley
                                    JOHN D. BURLESON, BPR NO. 010400
                                    MATTHEW R. COURTNER, BPR NO. 029113
                                    GEOFFREY A. LINDLEY, BPR NO. 021574
                                    *Attorneys for Defendants City of Jackson, TN*
                                    209 East Main Street
                                    P. O. Box 1147
                                    Jackson, TN  38302-1147
                                    (731) 423-2414
                                    jburleson@raineykizer.com
                                    mcourtner@raineykizer.com
                                    glindley@raineykizer.com

01129-222337 (JDB)

## **CERTIFICATE OF CONSULTATION**

On February 5, 2025, Geoffrey Lindley, counsel for the City, corresponded with Clyde Keenan, Plaintiff's counsel, via email about the City's motion to continue the trial until a future date when the Court can try all of Plaintiff's claims in one trial. Mr. Keenan advised that Plaintiff opposes the City's motion.

                                                s/ Geoffrey A. Lindley

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of February, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report, including the party below. All other parties will be served by facsimile, e-mail, or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Clyde W. Keenan
    Keenan Law & Consulting
    6465 N. Quail Hollow, #200
    Memphis, Tennessee 38120
    *Attorney for Plaintiff*

                                                s/ Geoffrey A. Lindley